UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.: CV 13-7675-SJO (MAN)					Date: October 18, 2013

Title:   Carlos Ramos v. Board of Parole Hearings
================================================================================
DOCKET ENTRY:		ORDER TO SHOW CAUSE RE: DISMISSAL FOR LACK OF EXHAUSTION
================================================================================
PRESENT:

			Hon. Margaret A. Nagle    , United States Magistrate Judge

			Earlene Carson			N/A
			Deputy Clerk			Court Reporter/Tape No.

  ATTORNEYS PRESENT FOR PETITIONER:		ATTORNEYS PRESENT FOR RESPONDENTS:

	N/A						N/A

**PROCEEDINGS (In Chambers):**

On October 17, 2013, Petitioner -- who is represented by counsel -- filed a 28 U.S.C. § 2254 habeas petition in this Court ("Petition"). In violation of Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 83-16.1, Petitioner did not utilize the Section 2254 form petition required to be used in this district, and thus, the Petition does not contain much of the information required to be provided by habeas litigants. In particular, the Petition fails to state that Petitioner exhausted his claims in the state courts before presenting them to this Court, as is required.[1]

It is Petitioner's burden to show that the exhaustion requirement is satisfied and that this action, thus, may proceed, especially given that he is represented by counsel. Nonetheless, to determine whether it may consider the Petition, the Court has reviewed the electronic dockets available

---

[1]  Federal courts may not grant habeas relief to a person held in state custody unless the petitioner has exhausted his available state court remedies as to each of the issues presented. 28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982); Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of Petitioner's habeas petition only if he exhausted state court remedies."). "[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass upon and resolve violations of his federal rights, a state prisoner must exhaust his available state remedies before seeking federal habeas relief).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES--GENERAL

Case No.  CV 13-7675-SJO (MAN)                                          Date: October 18, 2013

electronically for the California Supreme Court and the California Court of Appeal at appellatecases.courtinfo.ca.gov, and has taken judicial notice of their contents pursuant to Rule 201 of the Federal Rules of Evidence.  Those dockets do not evidence any habeas or other post-conviction filing by Petitioner related to the subject-matter of the Petition, *to wit*, a parole-related action taken by the Board of Parole Hearings in 2012.  Accordingly, the Petition appears to be unexhausted, and as a result, its dismissal is required.[2]  Rose, 455 U.S. at 522, 102 S. Ct. at 1205.

Accordingly, Petitioner is ORDERED TO SHOW CAUSE why this action should not be dismissed, without prejudice, for lack of exhaustion.  **By no later than October 31, 2013**, Petitioner shall file a response to this Order, in which he addresses the exhaustion issue. Petitioner shall state clearly whether or not he has exhausted his claims; if he has, he must submit proof establishing that exhaustion has occurred.

> **Petitioner is cautioned that the failure to file a timely response to this Order will be deemed to constitution a concession that he has not exhausted his claims, and the Court therefore will recommend this dismissal of this action without prejudice**.

IT IS SO ORDERED.

---

[2]  If the Petition is fully unexhausted, it cannot be stayed.  Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006).

MINUTES FORM 11                                                         Initials of Deputy Clerk __efc___
CIVIL - GEN