O

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| CARLOS RAMOS, | ) | NO. CV 13-7675-SJO (MAN) |
| Petitioner, | ) | ORDER: DISMISSING PETITION WITHOUT PREJUDICE; AND DENYING CERTIFICATE OF APPEALABILITY |
| v. | ) | |
| BOARD OF PAROLE HEARINGS, | ) | |
| Respondent. | ) | |
| _____ | ) | |

On October 17, 2013, Petitioner, a California prisoner represented by counsel, filed a habeas petition in this Court pursuant to 28 U.S.C. § 2254 ("Petition").  In violation of Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts and Local Rule 83-16.1, Petitioner did not utilize the Section 2254 form petition required to be used in this district, and thus, the Petition does not contain much of the information that habeas petitioners are required to provide.  In particular, the Petition fails to state that Petitioner exhausted his claims in the state courts before presenting them to this Court.

On October 18, 2013, United States Magistrate Judge Margaret A. Nagle issued an Order To Show Cause Re: Dismissal For Lack Of Exhaustion ("OSC").  In the OSC, Magistrate Judge Nagle noted that she had "reviewed the electronic dockets available electronically for the California Supreme Court and the California Court of Appeal at appellatecases.courtinfo.ca.gov"

1  and had taken judicial notice of their contents pursuant to Rule 201 of the Federal Rules of
2  Evidence.  She found that:

4          Those dockets do not evidence any habeas or other post-conviction filing by
5          Petitioner related to the subject-matter of the Petition, *to wit*, a parole-related
6          action taken by the Board of Parole Hearings in 2012.  Accordingly, the Petition
7          appears to be unexhausted, and as a result, its dismissal is required.

9  (OSC at 1-2.)  The OSC directed Petitioner to file a response, by no later than October 31, 2013,
10  addressing the exhaustion issue.  The OSC explicitly cautioned Petitioner that the failure to file
11  a timely response to the OSC would be deemed to constitute a concession that Petitioner has not
12  exhausted his claims, and as a result, dismissal would be recommended.  (OSC at 2.)

14          Petitioner's October 31, 2013 deadline has come and gone, and Petitioner has not
15  responded to the OSC.  Rule 4 of the Rules Governing Section 2254 Cases in the United States
16  District Courts provides that a petition for writ of habeas corpus "must" be summarily dismissed
17  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not
18  entitled to relief in the district court."  Here, it plainly appears that the Petition is unexhausted.[1]
19  Therefore, the Petition must be dismissed without prejudice.

21                                          **DISCUSSION**

23          Federal courts may not grant habeas relief to a person held in state custody unless the
24  petitioner has exhausted his available state court remedies as to each of the issues presented.
25  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 1203 (1982);

_____

27          [1]      The Court may raise exhaustion problems *sua sponte*.  Boyd v. Thompson, 147 F.3d
1124, 1127-28 (9th Cir. 1998); Stone v. City and County of San Francisco, 968 F.2d 850, 856 (9th
28  Cir. 1992).

1   Fields v. Waddington, 401 F.3d 1018, 1020 (9th Cir. 2005) ("We may review the merits of

2   Petitioner's habeas petition only if he exhausted state court remedies.").   "[T]he exhaustion

3   doctrine is designed to give the state courts a full and fair opportunity to resolve federal

4   constitutional claims *before* those claims are presented to the federal courts." O'Sullivan v.

5   Boerckel, 526 U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999) (emphasis added); *see also* Baldwin

6   v. Reese, 541 U.S. 27, 29, 124 S. Ct. 1347, 1349 (2004) (to give the State the chance to pass

7   upon and resolve violations of his federal rights, a state prisoner must exhaust his available state

8   remedies before seeking federal habeas relief).

9

10       To satisfy the exhaustion requirement, a petitioner must "fairly present" his federal claim

11   to the state courts, *i.e.*, give them a fair opportunity to consider and correct violations of the

12   prisoner's federal rights. *See* Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 888 (1995);

13   Peterson v. Lampert, 319 F.3d 1153, 1155-56 (9th Cir. 2003) (*en banc*).  A state prisoner seeking

14   relief with respect to a California conviction is required to fairly present his federal claims to the

15   California Supreme Court. *See* Baldwin, 541 U.S. at 29, 124 S. Ct. at 1349 (a state prisoner must

16   fairly present his claim to a state supreme court having the power of discretionary review);

17   Keating v. Hood, 133 F.3d 1240, 1242 (9th Cir. 1998).

18

19       The public record, of which this Court properly may take judicial notice, shows that

20   Petitioner has not exhausted his present habeas claim, because he did not present it to the

21   California Supreme Court before seeking federal habeas relief.   Because the Petition is fully

22   unexhausted, it must be dismissed without prejudice. Rose, 455 U.S. at 522, 102 S. Ct. at 1205.

23   Although this issue was brought to the attention of Petitioner's counsel through the OSC, which

24   cautioned that a failure to respond could lead to dismissal. Petitioner has not responded to the

25   OSC.  The Court, therefore, presumes Petitioner concedes that the Petition is unexhausted and

26

27

28

3

thus must be dismissed.[2]

For the foregoing reason, IT IS ORDERED that:  the Petition is dismissed without prejudice; and Judgment shall be entered dismissing this action, without prejudice, for failure to exhaust available state remedies.  If Petitioner subsequently exhausts his claim by fairly presenting it to the California Supreme Court, he may file, following that court's ruling, a *new* habeas petition in this Court.

In addition, pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, the Court has considered whether a certificate of appealability is warranted in this case.  *See* 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85, 120 S. Ct. 1595, 1604 (2000).  The Court concludes that a certificate of appealability is unwarranted and, thus, a certificate of appealability is DENIED.

DATED: November 7, 2013 .

S. James Otero

S. JAMES OTERO
UNITED STATES DISTRICT JUDGE

PRESENTED BY:

Margaret a. Nagle

MARGARET A. NAGLE
UNITED STATES MAGISTRATE JUDGE

---

[2]   A fully unexhausted federal habeas petition may not be stayed and must be dismissed.  *See, e.g.,* Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006) (holding that a fully unexhausted petition may not be stayed and observing:  "Once a district court determines that a habeas petition contains only unexhausted claims, it need not inquire further as to the petitioner's intentions.  Instead, it may simply dismiss the habeas petition for failure to exhaust."); Jones v. McDaniel, 320 Fed. Appx. 784, 786 (9th Cir. 2009) (affirming the dismissal of a fully unexhausted petition and denial of a stay, because a "*Rhines* stay is only available for a mixed habeas petition where at least some of the claims have been exhausted, and none of [petitioner's] claims were exhausted"); Jiminez v. Rice, 276 F.3d 478, 481 (9th Cir. 2001) (a district court is "'obliged to dismiss immediately'" a petition that contains no exhausted claims) (citation omitted).